**DAILY NEWS PUBLISHING COMPANY, INC. d/b/a VIRGIN ISLANDS DAILY NEWS, FIONA STOKES, IN HER INDIVIDUAL CAPACITY, MARVIN FORBES, Plaintiffs**

v.

**VIRGIN ISLANDS JOINT BOARD OF ELECTIONS, ST. CROIX DISTRICT BOARD OF ELECTIONS, CAROLYN FAWKES, LISA HARRIS MOORHEAD, LILLIANA BELARDO DE'ONEAL, RUPERT ROSS, GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Case No. SX-14-CV-460

Superior Court of the Virgin Islands

Division of St. Croix

January 14, 2015

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(January 14, 2015)

**THIS MATTER** comes before the Court on Plaintiff Daily News Publishing Company, Inc. d/b/a Virgin Islands Daily News, Fiona Stokes,

in her individual capacity, and Marvin Forbes' (hereinafter "Plaintiffs")[1] Complaint for Temporary Restraining Order and Emergency Injunctive Relief, filed December 5, 2014. A hearing was held on the matter on December 8, 2014. For the following reasons, the Court shall grant the temporary restraining order.

## FACTS

On December 4, 2014, Daily News reporter Fiona Stokes (hereinafter "Stokes") was at the St. Croix Board of Elections office covering the recount of ballots related to the November 4, 2014, general election. Stokes, along with other members of the media and the public were ejected from both the recount room and the area where the recount was held by Virgin Islands Joint Board of Elections members Lisa Harris Moorhead, Lilliana Belardo de'Oneal, and Rupert Ross. At the December 8th hearing, the parties stipulated that the media and members of the public were not allowed into the recount area on December 4, 2014. The parties also stipulated to the fact that neither the media nor the public were being disruptive during the recount proceedings. Plaintiffs allege that the next day, December 5, 2014, the media was allowed into the recount room, however, members of the public were not. Defendant counters that everyone who came to observe the recount proceedings was allowed into the room, however, because of the size of the space, one member of the public was seated in the doorway of the room.

## DISCUSSION

■ The Court has *sua sponte* heard this matter as a request for temporary and permanent restraining order, thus making the factors of a temporary injunction a nullity. *See Mapp v. Fawkes*, 61 V.I. 521, 531 n.7 (V.I. 2014). On December 4, 2014, Defendants refused to allow the public and the media access to the recounting of the ballots, despite the fact that Title 18, Section 629(b) of the Virgin Islands Code states "[t]he recount . . . shall be public." It is a firmly held principle in statutory construction that when a court reviews a statute, each statutory provision

---

[1] The original Complaint filed December 5, 2014, only included Virgin Islands Daily News as a Plaintiff in this action. On December 8, 2014, the Complaint was amended to add Fiona Stokes, in her individual capacity, and Marvin Forbes as Plaintiffs.

should be read with reference to the whole statute. *See Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 550 U.S. 618, 127 S. Ct. 2162, 167 L. Ed. 2d 982 (2007). In *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-254, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992), the United States Supreme Court stated "in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." The Supreme Court has also stated that "when the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id.* at 254; *see also Gonzales v. Carhart*, 550 U.S. 124, 127, 127 S. Ct. 1610, 167 L. Ed. 2d 480 (2007).

■ Although the word "public" is not defined in Title 18, Section 1 of the Virgin Islands Code, the term "public" must be given a plain and ordinary meaning absent a statutory definition. *See* V.I. CODE ANN. tit. 1 § 42. In addition, the words and phrases of the statute should be given effect to their plan and ordinary meaning. Id. BLACK'S LAW DICTIONARY 1264 (8th ed. 2004), defines public as "relating or belonging to an entire community, state, or nation. Open or available for all to use, share, or enjoy . . . The people of a nation or community as a whole. A place open or visible to the public." Ergo, the Court finds that the recount area pursuant to Title 18, Section 629(b), must be open to the public, in other words, it must be open to all who wish to attend.

■ In the instant matter, it is apparent that the initial ejectment of the public from the recount area was based on Title 18, Section 629(d), which reads as follows:

> Only the candidates whose names appeared on the ballot in the election district, or a specific designee who is to be present on behalf of any such candidate, may remain within the recount area. Any person may be ejected from the recount area or from the place of the recount upon the determination by the chairman of the board or his designee that such person is disrupting the recount procedure.

The Court, however, finds that there is no ambiguity nor should there be any confusion. The correct interpretation of the statute, when read in its entirety, clearly shows that the chairman is authorized to select the place where the recount is to occur. Pursuant to Section 629(b), that place must be open to

the public. Once that place is selected, there must be a restricted area for "the candidates whose names appeared on the ballot in the election district, or a specific designee who is to be present on behalf of any such candidate." 18 V.I.C § 629(d).

■ Section 629(d) gives further insight into this matter, and reads as follows: "Any person may be ejected from the recount area or from the place of the recount upon the determination by the chairman of the board or his designee that such person is disrupting the recount procedure." In the statement *supra*, it is clear that the chairman or his designee has the authority to remove someone who is disruptive from the recount area. It is also clear that the chairman or his designee can also remove a disruptive person from "the place of the recount." This statement is consistent with the area being open to the public and within that area, there is a restricted area.

■■ This is not abstract. Within the judicial system, trials are open to the public. However, there is a restricted area within the Courtroom where the public cannot sit. Likewise, within the legislative branch, hearings are open to the public; however, there is a restricted area where the public cannot sit. In this case, the Court finds that the statute is clear. The recount must be made public with a restricted area designated for certain persons. The Court will not accept any actions on the part of Defendants that frustrate the intent of the statute. Hence, the Court estops Defendants from prohibiting the public from appearing in the recount area. Moreover, the space constraints the Board is operating under do not circumvent the Board's obligation to allow the public to view the recount. The public should be granted comfortable access to observe the recount. The Board cannot hinder the observation of the public under the guise that they have been allowed access to the area, meaning the restricted area cannot be placed so far from the public that it obstructs the public view of the recount process.

## CONCLUSION

As mentioned above, when the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete. Here, the Court finds that the words are not ambiguous, nor are they contradictory and therefore judicial inquiry is complete. The statute clearly mandates that the recount process be made accessible to the public. The Court will issue an Order consistent with this Opinion.